# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR  WWW.NEWYORKCONSUMERATTORNEY.COM        Telephone: (718) 522-7900
BROOKLYN, NY 11241-1026   E-mail: ahmad@NewYorkConsumerAttorney.com              Fax: (877) 496-7809

March 23, 2020

VIA ECF
Magistrate Judge Peggy Kuo
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Letter motion to compel documents and interrogatories from all Defendants regarding pattern and practice information, and from Defendants LVNV Funding, LLC and Resurgent Capital Services, LP regarding the "principal purpose" of their business.**
> ***Fritz v. LVNV Funding, LLC, et al.,*** **No. 1:19-cv-05255-ENV-PK**

Dear Judge Kuo:

The undersigned, along with co-counsel at CAMBA Legal Services, represent Plaintiff Giselle Fritz in this suit against Defendants for their violations of the Fair Debt Collection Practices Act, and for related claims.

## ARGUMENT

For the sake of judicial efficiency, Plaintiff files this single, six-page motion to compel against both sets of Defendants rather than two separate three page motions to compel. Plaintiff's efforts to meet and confer are detailed in full in the Certificate of Conference below. On February 6, 2020, Plaintiff propounded her second set of discovery requests (**Exhibit A**), largely seeking information on Defendants' pattern and practice of attempting to collect on non-existent judgments in specific cases, as well as information as to the primary business purpose of Defendants LVNV and Resurgent. On March 9, 2020, the Mandarich Defendants produced responses (**Exhibit B**) consisting entirely of objections. LVNV and Resurgent did not timely produce responses or seek an extension, and thus are deemed to have admitted Plaintiff's Requests for Admission in the Second Set. *See* Fed. R. Civ. Proc. 36(a)(3).

On March 13, 2020, LVNV and Resurgent produced responses that, like those of the Mandarich Defendants, consisted almost entirely of objections. **Exhibit D.** Around the same time, third party respondents Center Point and Investinet provided responses to Plaintiff's subpoenas. Plaintiff promptly notified Defendants of the deficiencies in their responses that day, noting that the Center Point and Investinet subpoena responses made clear that Defendants have not produced a considerable amount of the account notes kept for Ms. Fritz on the platform "You've Got Claims." **Exhibit E**.

Defendants' counsel have discussed among themselves and decided to stand by their responses as written. The parties are at an impasse, and Plaintiff now moves to compel. Because Defendants stand by their boilerplate objections, on that basis alone the responses should be

1

ordered with all objections except as to privilege waived. *See e.g. Leibovitz v. City of New York*, No. 15-CV-546 (LGS) (HBP), 2017 WL 462515, at *2 (S.D.N.Y. Feb. 3, 2017) (collecting cases).

### 1. Pattern and practice information for allegations in other lawsuits of attempting to collect on non-existent judgments.

Plaintiff incorporates by reference all of her arguments as to why discovery on Defendants' pattern and practice of attempting to collect on non-existent judgments is proportional and relevant from her prior Motions to Compel [DE 37, 39].

Defendants' boilerplate objections provide sufficient basis for the Court to order responses with all objections except as to privilege waived. And even if construed in the best possible light, the objections are still improper. Plaintiff's Second Set of Discovery Requests largely seeks information regarding cases[1], cited in Plaintiff's Complaint, alleging conduct the same or similar to the conduct alleged in this action, namely collecting or attempting to collect on a non-existent judgment. Defendants had four bases for objection: (1) relevance, (2) proportionality, (3) confidentiality (only raised by Mandarich), and (4) illegal third party disclosure.

#### i.    Pattern and practice information is relevant.

As Plaintiff has addressed at length in her prior motions (*see* DE 37, 39), the requested information is relevant for (1) establishing that Defendants' conduct is consumer-oriented, as required for a violation of GBL § 349, and (2) establishing willfulness and public harm for the purpose of entitlement to punitive damages under GBL § 349.

Defendants also allege that Plaintiff's requests as to what was done to correct or change the alleged practices after each case are irrelevant. In addition to their relevance as pattern and practice information (showing the maintenance of the practices throughout the years), these requests are also to evince the contumaciousness of Defendants, both for the purpose of assessing amount and entitlement to punitive damages and for the purpose of obtaining the full amount of statutory damages available under the FDCPA. *See e.g. Grammar v. Sharinn & Lipshie, P.C.*, No. 14 CIV. 6774 (JCF), 2016 WL 4249155, at *3 (S.D.N.Y. Aug. 5, 2016) *citing*

---

[1] As to LVNV Defendants: Oglesby v. LVNV Funding, et al., 1:19-cv-01834-AMD-CLP (EDNY); Phillips v. LVNV Funding, et al, 1:15-cv-07088 (SDNY); Francis v. LVNV Funding LLC et al, 1:15-cv-03757-MKB-JO; Rosas v. Arrow Financial Services, LLC et al, 1:14-cv-06462-MKB-JO (EDNY); O'Neill v. LVNV Funding, LLC et al, 1:14-cv-07636-ER-DCF (SDNY); Martinez v. LVNV Funding LLC et al, 1:14-cv-00677-RRM-MDG (EDNY); Gomez v. Inovision-Medclr Portfolio Group, LLC et al, 1:13-cv-07395-RWS (SDNY); Stephanie Massey v. CACH LLC, Resurgent Capital Services, LP, and Mandarich Law Group, LLP, No. 1:19-cv-2611 (N.D. Ga.); Vera Clowers v. Mandarich Law Group, LLP, CACH, LLC, LVNV Funding, LLC, and Resurgent Capital Services, LP, 5:19-cv-179 (M.D.Ga.).

As to Mandarich: Wyrick v. Square Two Fin. Corp., CACH, LLC, and Mandarich Law Group, LLP, 8:15-cv-1308 (C.D.Cal.); Garcia v. CACH, LLC, Law Office of David Sean Dufek, David Sean Dufek, and individual, and Mandarich Law Group, LLP, 8:15-cv-40 (C.D.Cal.); Correa v. Mandarich Law Group LLP, 1:16-cv-10097 (N.D.Ill.); Estrada v. CACH, LLC and Mandarich Law Group, LLP, 1:17-cv-7499 (N.D.Ill.); Galvan v. CACH, LLC, and Mandarich Law Group, LLP, 2:18-cv-902 (E.D.Cal.); Rhodes v. CACH, LLC, Mandarich Law Group, LLP, et. al., 2:13-cv-2508 (E.D.Cal); Stephanie Massey v. CACH LLC, Resurgent Capital Services, LP, and Mandarich Law Group, LLP, No. 1:19-cv-2611 (N.D. Ga.); Vera Clowers v. Mandarich Law Group, LLP, CACH, LLC, LVNV Funding, LLC, and Resurgent Capital Services, LP, 5:19-cv-179 (M.D.Ga.).

*Hirsch v. ANI Management Group, Inc.*, No. 12 CV 3454, 2013 WL 3093977, at *3 (E.D.N.Y. June 18, 2013).

> ii.    Pattern and practice information is proportional.

Plaintiff is merely requesting information regarding the 14 cases cited in her complaint. Mandarich acknowledges in their responses that 7 of those cases do not have any allegations against either of the Mandarich Defendants. **Exhibit B.** And, similarly, LVNV Defendants acknowledge in their responses that 6 of the 14 cases do not have any allegations against either of them. **Exhibit D.**

The oldest case was filed only seven years ago. Defendants will therefore likely have these files on hand and not in archives. Further, because these files all relate to federal litigation, what documents and information are not on hand are likely in the possession, custody, or control of Defendants' attorneys, thus being within Defendants' custody and control even if not in their possession. *See e.g. Chevron Corp. v. Donziger,* 296 F.R.D. 168, 186 (S.D.N.Y. 2013).

Notably, Mandarich's Amended Responses to Plaintiff's First Set of Discovery state multiple times that such pattern and practice information does not exist "other than those lawsuits raised in Plaintiff's complaint against MLG." *See e.g.* **Exhibit F** (Response to Interrogatory #15). This is an implicit acknowledgment of the proportionality of the requests at issue here as being the sum total of responsive documents and information concerning Mandarich's pattern and practice of collecting or attempting to collect on non-existent judgments.

> iii.    Mandarich's objections as to confidentiality are highly suspect.

Mandarich claims that information as to *Wyrick* and *Garcia* is subject to the confidentiality provisions of settlement agreements. **Exhibit B** (Responses to Interrogatories 2(h) and (i)). Plaintiff's requests do not seek information or documents regarding the settlement, the terms of the settlement, or the amount of the settlement. Settlements cannot shield this factual information, and any provision in a settlement purporting to do so is void. *See Padberg v. McGrath-McKechnie*, No. CV-00-3355 RJD SMG, 2005 WL 5190385, at *1 (E.D.N.Y. Apr. 27, 2005) ("Second Circuit case law supports a presumption of public access to discovery material."). Regardless, the issue is not the designation of certain produced documents as confidential, but rather the wholesale withholding of the documents due to purported confidentiality. Even if some of the documents are confidential, that does not necessarily provide a basis for withholding them, let alone withholding any and all responsive documents.

If Your Honor wishes to exercise special caution, Plaintiff in the alternative would ask that the alleged confidentiality provisions at issue be submitted for *in camera* review to determine their applicability. *See e.g. Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 394 F. Supp. 3d 461, 464 (S.D.N.Y. 2019) ("[C]onfidentiality provisions inserted by parties into private settlement agreements do not immunize those agreements from discovery," collecting cases). However Plaintiff believes this objection, coupled with the total failure to produce any relevant documents, is sufficient to demonstrate that the objections are specious.

> iv.    Mandarich's objections as to allegedly-illegal third party disclosure are baseless.

Mandarich objected to Plaintiff's requests for production of documents in the specified cases based on the allegation that "production of the documents requested would violate federal

and state laws." **Exhibit B**. Plaintiff demanded in her Letter to Mandarich that Defendants state with specificity the federal and state laws on which they based their objections. **Exhibit C.** Mandarich never responded to this demand.

Plaintiff suspects, if Mandarich has any basis and the objection is not totally spurious, that the objections are referencing potential illegal third party disclosure in violation of the FDCPA, 15 U.S.C. § 1692c(b). This objection would be misplaced; the discovery productions would not be an FDCPA violation because they do not constitute a communication "in connection with the collection of any debt." 15 U.S.C. § 1692c(b). If Mandarich, at the eleventh hour, produces a more specific basis of alleged illegality, Plaintiff requests that she be allowed to respond to it in a reply in support of this motion.

### 2. Failure to produce "You've Got Claims" screens relating to Ms. Fritz, the putative debt, or attempts to collect on the putative debt.

On March 13, 2020, third parties Center Point and Investinet, both servicers for the collection of the putative debt against Ms. Fritz for different periods, produced responses to Plaintiff's subpoenas. These responses made clear deficiencies in Defendants' document productions.

The produced documents reference throughout the "You've Got Claims" ("YGC") software, both specifically as to Ms. Fritz and as to Center Point's practice of placing all accounts by and through YGC. *See e.g.* **Exhibit G**. And yet none of the Defendants have produced a single YGC screen, despite the clear relevance that the YGC screens for Ms. Fritz would have on the claims and defenses at issue in this case, including but not limited to Center Point requiring debt collectors like Mandarich to update the status of whether a judgment is vacated through YGC. **Exhibit G**. These documents should have been produced two months ago in response to Plaintiff's First Set of Discovery Requests. Plaintiff seeks YGC screens pertaining to Ms. Fritz, the putative debt, and attempts to collect on the putative debt.

### 3. If LVNV and Resurgent dispute their primary purpose, Plaintiff is entitled to discovery as to what that purpose is.

Plaintiff's Second Set of Discovery Requests, RFPs #1-2 (**Exhibit A**), call for, respectively, "Documents sufficient to show your primary purpose and what percent of your business that purpose is" and "Documents sufficient to show what percent of your business is purchasing charged off consumer accounts after they are in default with the putative original creditor." LVNV improperly objects to both of these requests and Resurgent improperly objects to RFP #1. **Exhibit D.** All objections state that the request is irrelevant and not proportional to the needs of the case.

And yet the very same parties clearly and unequivocally dispute Plaintiff's factual contentions in her Complaint that both businesses have the principal purpose of debt collection. Specifically, LVNV alleges in its denial of Plaintiff's RFA #2 ("Your sole purpose is to purchase charged off consumer accounts after they are in default with the putative original creditor") that "LVNV does not know whether the accounts its [sic] owns are consumer accounts." **Exhibit D.** Defendants do so in the hopes of placing themselves beyond the reach of the FDCPA, which only applies to "debt collectors" defined as: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" or (2) one who "regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Debt" under the FDCPA only refers to consumer debt (15 U.S.C. § 1692a(3)), so LVNV appears to be arguing that its "principal purpose" is buying debts of all kinds rather than primarily consumer debts.

And as long as Defendants have a non-frivolous argument for why their principal purpose is not debt collection, they are perfectly welcome to make those arguments. What they cannot do is buttress those arguments by hiding the information that would substantiate them. And there is ample reason to suspect that the factual information would show that the debts they purchase are mostly, if not exclusively, consumer debts. *See e.g. Torres v. LVNV Funding, L.L.C.,* 2018 WL 1508535, at *5 (N.D. Ill. Mar. 27, 2018) (finding LVNV is a debt collector due to "undisputed evidence that LVNV's principal purpose is the collection of a debt").

Defendants should immediately amend their production to produce documents sufficient to show the primary purposes of their respective businesses and the percent that purpose is of the business, particularly which portion of the debts they purchase are consumer debts. As noted in the requests, when Plaintiff uses "documents sufficient," an affidavit would be an acceptable way to answer the request. The percent of purchased debts that are consumer debts could be determined from (1) financial metrics such as assets, capital expenditures, net income, and gross revenue broken down to show which portions relate to consumer debt, (2) annual or quarterly goals, objectives, projections, or quotas of the business, (3) marketing of the business, and (4) regular client relationships via list of purchases or purchase agreements. Plaintiff is entitled to all of this information in the Second Circuit when a party like LVNV disputes that their principal purpose is consumer debt collection. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004) (determining principal purpose through factors like "the percentage of its resources devoted to, and revenues derived from, such work, as well as whether the firm marketed itself as a debt collector or had a regular client relationship with a debt collecting business"); *Digiacomo v. Midland Credit Mgmt.,* 2019 WL 2256769 (E.D.N.Y. Feb. 22, 2019) ("the pleadings contain sufficient factual matter to establish that Midland Funding, LLC collects on debts by, at the very least, hiring debt collection law firms and filing debt collection actions in state court"); *Bradley v. Selip & Stylianou, LLP*, 2018 WL 4958964, at *5, n.3 (W.D.N.Y. Oct. 15, 2018) (noting that "[s]ince *Henson*, a number of courts have held that a debt purchaser who meets the 'principal purpose' definition stated above is a debt collector and may be liable under the FDCPA"); *Meola v. Asset Recovery Sols., LLC*, 2018 WL 5020171, at *6 (E.D.N.Y. Aug. 15, 2018) ("BIG is engaged in the principal business of buying and collecting charged-off consumer debts, and has no other business other than acquiring and collecting charged-off consumer debts" [internal citations omitted]). Plaintiff anticipates that the documents will show few if any commercial creditors selling accounts to LVNV, and purchase agreements pertaining almost entirely to consumer debts (and correspondingly that Resurgent would be servicing primarily consumer accounts).

## CONCLUSION

For the above reasons, Plaintiff prays the Court order Defendants to produce responses to Plaintiff's Second Set of Discovery with all objections waived, to produce corresponding documents, and to deem admitted the Requests for Admission by LVNV and Resurgent, by March 27, 2020.

Respectfully,

/s/

Ahmad Keshavarz

Enclosures (as stated)
cc: all attorneys of record via ECF

## CERTIFICATE OF CONFERENCE

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

On February 6, 2020, Plaintiff propounded her second set of discovery requests (**Exhibit A**), largely seeking information on Defendants' pattern and practice of attempting to collect on non-existent judgments in specific cases, as well as information as to the primary purpose of Defendants LVNV and Resurgent. On March 9, 2020, Mandarich Defendants produced responses (**Exhibit B**) consisting entirely of objections. LVNV and Resurgent did not timely produce responses or seek an extension, and thus have deemed admitted Plaintiff's Requests for Admission in the Second Set. *See* Fed. R. Civ. Proc. 36(a)(3). On March 10, 2020, Plaintiff sent Defendants a letter addressing Mandarich's improper objections and LVNV Defendants' lack of response altogether. **Exhibit C**. LVNV and Resurgent only responded on March 11, 2020, stating that they would provide responses on Friday, March 13, 2020, and were available to confer at that time. Mandarich stated that it was also available to confer on this day and a call was scheduled accordingly.

On March 13, 2020, LVNV and Resurgent produced responses that, like those of Mandarich, consisted almost entirely of objections. **Exhibit D.** Around the same time, third party respondents Center Point and Investinet provided responses to Plaintiff's subpoenas. That day, Plaintiff promptly notified Defendants of their deficiencies and that subpoena responses showed that Defendants have not produced a considerable amount of the account notes kept for Ms. Fritz on the platform "You've Got Claims." **Exhibit E**. Defendants' counsel requested, and Plaintiff consented to, rescheduling the meet and confer to Monday, March 16, 2020. On that day, Mandarich's counsel by email cancelled the meet and confer, stating that Defendants' counsel had discussed among themselves and decided to stand by their responses as written. As such, the parties are at an impasse, and Plaintiff now moves to compel.


Signed: Brooklyn, NY
       March 23, 2020
/s/

Emma Caterine, Esq.