# AHMAD KESHAVARZ
*Attorney at Law*

---

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7809

July 15, 2020

<u>VIA ECF</u>  
Magistrate Judge Peggy Kuo  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

>   Re:   Letter renewing motion to compel pattern and practice discovery from Mandarich Defendants, and to enforce.
>   *Fritz v. LVNV Funding, LLC, et al.,* No. 1:19-cv-05255-ENV-PK

Dear Judge Kuo:

The undersigned, along with co-counsel at CAMBA Legal Services, represent Plaintiff Giselle Fritz in this suit against Defendants for their violations of the Fair Debt Collection Practices Act and New York General Business Law § 349.

## ARGUMENT

There are three sets of items to be enforced before the Court in this Motion. Plaintiff first asks the Court to enforce the April 3, 2020 Order as it pertains to Plaintiff's Second Set of Discovery Requests, Interrogatory #3 and RFP #4 – Mandarich amended their responses only to once again make boilerplate objections rather than providing responsive answers as instructed by the Court. Second, Plaintiff asks the Court to enforce the April 3, 2020 Order to compel the production of documents, including but not limited to screenshots, regarding the You've Got Claims system as it pertains to the Plaintiff Giselle Fritz. Mandarich's own supplemental production shows that the YGC system was used by them, and yet these documents still have not been produced. Lastly, Plaintiff asks the Court to enforce the April 3, 2020 Order regarding the production of all lawsuits against Mandarich alleging Mandarich attempted to collect on a non-existent judgment. Mandarich failed to, as instructed, provide the burden of searching for this information in their produced affidavit (**Exhibit K**) and have not produced any amended or supplemental responses to Plaintiff's First Set of Discovery Requests.

   **1. Changes to Mandarich's policies and procedures following identified lawsuits.**

Mandarich was ordered to respond to Plaintiff's Second Set of Discovery Requests, Interrogatory #3, which asks "what steps were taken, if any, to correct or change the practices that were the subject of" each of 15 different lawsuits. **Exhibit L,** Trans. 52:08-53:07. As Your Honor stated on April 3 with the example of "an employee that had been fired," changes or lack thereof to LVNV Defendants' policies are crucial to determine whether "whatever happened was willful, and knowing." **Exhibit L**, Trans. 48:20, 49:24-25. And notably, when Mandarich speculated that it may not have documents showing any changes, Your Honor responded "the

1

information should still be produced."

In their May 20, 2020 amended responses (**Exhibit F**), Mandarich gave a boilerplate objection even worse than LVNV's similarly deficient response [*see* DE 50, p. 3]: "it calls for documents that are irrelevant to any party's claim or defense and is not proportional to the needs of the case." **Exhibit F**, RFP #4. Not only does this response disregard the April 3, 2020 Order, Mandarich further has disregarded the Order by not even providing an amended response as to Plaintiff's Second Set of Discovery, Interrogatory #3, or as it was said in the Order, "the information" even in the absence of documents.

Defendants' posture throughout much of this litigation has been that Plaintiff can already prove her claims and additional discovery is extraneous. *See e.g.* DE 52, p. 2. Plaintiff does believe that it is clear, and has been since this lawsuit was filed, that Defendants violated the law but, as Your Honor correctly notes, there is the remaining question of whether "whatever happened was willful, and knowing." **Exhibit L**, Trans. 48:20. Defendants have a strong interest in obfuscating whether their conduct was willful and knowing. The Eastern District of New York has previously held that "section 349 of the GBL allows for recovery of punitive damages in excess of $1,000.00." *Bueno v. LR Credit 18*, LLC, 269 F. Supp. 3d 16, 23 (E.D.N.Y. 2017). In addition to having no cap per se, the punitive damages are not limited by any ratio to the award of actual damages (*Home Ins. Co. v. Am. Home Prods. Corp.*, 550 N.E.2d 930 (N.Y. 1990)) and the award of punitive damages by a jury should generally not be disturbed. *Nardelli v. Stamberg*, 377 N.E.2d 975, 977 (N.Y. 1978).

**2. You've Got Claims Documents.**

In regards to the You've Got Claims Documents, Your Honor ordered on April 3, 2020 for the Defendants "to go back to the client, and just clarify…who is in possession of that information…the parties just need to factually figure out the degree of the access and control such that you can determine if these particular defendants have custody and control over those documents that are on the platform." **Exhibit L**, Trans. 56:24-57:19. This Order did not appear ambiguous to Plaintiff, and it did not seem to be ambiguous to LVNV Defendants who did subsequently tell Plaintiff that they did not have access. Plaintiff also summarized the Order in her April 9, 2020 Letter to Defendants. **Exhibit A.** However, Mandarich has not provided either an answer to that question nor the You've Got Claims documents. They only referenced the documents in their May 20, 2020 Letter in a single sentence: "MLG is still diligently searching this item to see if it has the ability to produce documents responsive to this request." **Exhibit E**.

Plaintiff, either expressly or by incorporation through reference, asked Mandarich about the YGC documents in all of her deficiency letters. **Exhibits A, D, H, I, and J.** Plaintiff's May 14, 2020 Letter (**Exhibit D**) noted that Mandarich's produced definitions for abbreviations and codes (**Exhibit C**) included codes referring to use of the YGC program, such as "Noteline – Acknowledgment" and "Noteline – Demand Letter Sent" on MLG_0082. This is not a burdensome request. Upon information and belief, You've Got Claims is like most collection digital platforms where an account can be brought up onto the screen by searching a name, account number, or other identifying information. Once Mandarich brings up the YGC account for Ms. Fritz, all they have to do is take a screenshot of however many pages concern her account. It is difficult to imagine why Mandarich can produce its own account notes, both for Ms. Fritz and for other identified cases, but cannot produce these documents.

**3. Lawsuits against Mandarich for attempting to collect on a non-existent**

2

**judgment**

Mandarich was ordered to produce an affidavit detailing the burden of producing responses on two issues: 1) Plaintiff's pattern and practice requests for lawsuits alleging attempts to collect on vacated or non-existent judgments (**Exhibit L**, Trans. 42:18-23); and, 2) how many times Mandarich have attempted to collect on a nonexistent judgment. **Exhibit L**, Trans. 39:14-16. Mandarich is not in compliance with the April 3, 2020 Order because their Affidavit (**Exhibit K**) does not address reviewing these lawsuit instances at all. Nor has Mandarich produced amended responses to Plaintiff's First Set of Discovery addressing that burden or answering the requests. Upon information and belief, and as stated by LVNV Defendants' counsel at the April 3 Hearing (**Exhibit L**, Trans. 34:14-15), Mandarich has a lower burden in determining what lawsuits filed against it have alleged attempts to collect on a non-existent judgment.

## CONCLUSION

For the above reasons, Plaintiff prays the Court order Mandarich to: (1) provide responsive answers to Plaintiff's Second Set of Discovery Requests, Interrogatory #3 and RFP #4; (2) produce all documents regarding the You've Got Claims system as it relates to the Plaintiff Giselle Fritz; and (3) produce all documents regarding lawsuits against Mandarich alleging Mandarich attempted to collect on a non-existent judgment.

Respectfully,

/s/

Ahmad Keshavarz

Enclosures (as stated)
cc: all attorneys of record via ECF

**CERTIFICATE OF CONFERENCE**

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

For the sake of brevity Plaintiff will assume familiarity with the events and motion practice leading up to the oral rulings by this Court on April 3, 2020. *See* DE 37-45. After Plaintiff's Motions were granted in part, Plaintiff sent a letter on April 9, 2020 to all Defendants summarizing our understanding of the rulings made on April 3, 2020. **Exhibit A** (April 9, 2020 Letter). In compliance with the April 3, 2020 Order, the parties filed and the Court so-ordered a schedule by which the Defendants would comply with the Order. *See* DE 47. As such Mandarich Defendants (Mandarich Law Group, LLP and Darleen V. Karaszewski) were ordered to comply by May 1, 2020.

By May 1, 2020, Mandarich had not produced any additional responses to discovery. Instead, Mandarich wrote a letter to Plaintiff stating that they would produce the abbreviations on May 6, 2020 and the remainder of the discovery on May 8, 2020. **Exhibit B** (Mandarich May 1, 2020 Letter). On May 6, 2020, Mandarich did produce definitions for the abbreviations per the April 3, 2020 Order. **Exhibit C** (Abbreviation and Code Definitions). On May 8, 2020, Mandarich's counsel emailed to inform Plaintiff that documents were in her possession but could not yet be produced because redactions needed to be made. Those documents, MLG_0081-1194, were produced on May 13, 2020, and consist of the case files for cases identified by Plaintiff in her Second Set of Discovery Requests, RFP #3. However, no affidavit for burden on pattern and practice discovery was produced, nor were amended responses to the First and Second Sets of Discovery Requests, nor were responses to the Third Set of Discovery Requests. Plaintiff accordingly sent Mandarich a letter noting and itemizing that the "vast majority of Mandarich's obligations under the April 6, 2020 Order have not yet been addressed." **Exhibit D** (May 14, 2020 Letter). On May 20, 2020, Mandarich responded to Plaintiff's letters (**Exhibit E**) and provided amended responses to Plaintiff's Second Set of Discovery Requests. **Exhibit F** (Mandarich Amended Responses to Second Set). Mandarich also produced their responses to Plaintiff's Third Set of Discovery. **Exhibit G** (Mandarich Responses to Third Set).

On May 29, 2020, Plaintiff sent Mandarich another letter noting that Mandarich had still not produced an affidavit, the fraud packet, screenshots from the Complaint pod, and the You've Got Claims documents. **Exhibit H** (May 29, 2020 Letter). Having not received a response, Plaintiff wrote another letter to Mandarich on June 5, 2020 to state that failure to respond would result in Plaintiff moving to enforce the April 3, 2020 Order. **Exhibit I** (June 5, 2020 Letter). On June 12, 2020, Mandarich's counsel emailed and stated that she would follow up on the letters early the next week, but did not do so. Accordingly, on July 2, 2020, Plaintiff wrote another deficiency letter, noting in addition to the prior noted deficiencies that Mandarich's amended response of boilerplate objections to Plaintiff's Second Set of Requests, RFP #4, was contrary to this Court's April 3, 2020 Order. **Exhibit J** (July 2, 2020 Letter). As of this filing, Mandarich has not addressed the deficiency in its response to Plaintiff's Second Set of Requests, RFP #4, and thus Plaintiff now moves to enforce the April 3 Order regarding it.

On July 14, 2020, Mandarich produced four additional batestamped documents which, upon information and belief, are the "fraud packet," and an affidavit as to the burden of searching their Complaint, Dispute, and Verifications of Debts (CVD) system for complaints

from consumers. **Exhibit K** (Affidavit on Burden of Searching CVD). Because Mandarich has still not produced the YGC screens as of this filing, Plaintiff now moves to enforce the April 3, 2020 Order on that item. The affidavit does not address the burden of searching for additional lawsuits alleging Mandarich collecting on non-existent judgments, nor has Mandarich produced any amended responses to Plaintiff's First Set of Discovery Requests, and thus Plaintiff moves to enforce the April 3 Order regarding that item.

Signed: Brooklyn, NY
      July 15, 2020
/s/

Emma Caterine, Esq.