

December 4, 2020

VIA ECF
Magistrate Judge Peggy Kuo
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **Motion to Enforce: Request to order production of pattern and practice discovery as LVNV will not engage in Court ordered discussions to meet its burden of showing burden.**
>
> ***Fritz v. LVNV Funding, LLC, et al.,*** **No. 1:19-cv-05255-ENV-PK**

CAMBA Legal Services, Inc., along with the Law Office of Ahmad Keshavarz, represents Plaintiff Giselle Fritz in the above matter. We write to inform the Court that, after conferring by telephone and email, Defendants LVNV Funding, LLC and Resurgent Capital Services, LP (collectively, "LVNV") refuse to produce a witness with knowledge of its systems or to otherwise discuss a plan for responding to Ms. Fritz' pattern and practice-related discovery demands, in violation of the Court's instruction. LVNV instead maintains its position, which the Court has already rejected, that it will not provide further evidence of burden unless and until the Court makes a formal ruling as to whether G.B.L. § 349 caps punitive damages at $1,000. Because LVNV is unwilling to productively discuss a process and parameters for production, Ms. Fritz asks that the Court find that LVNV failed to meet its burden of showing that Ms. Fritz' discovery demands were not proportional to the needs of the case, and compel production.

On March 3, 2020, Ms. Fritz filed a motion to compel LVNV to produce, in relevant part, discovery showing its pattern and practice of collecting on non-existent judgements [DE 39]. The requests were for information concerning lawsuits brought against LVNV alleging such conduct ("lawsuit instances") (Plaintiff's First Set of Discovery Demands, Interrogatory 15 and Document Request 23) and instances of the conduct that did not result in the consumer filing a lawsuit against LVNV ("non-lawsuit instances") (Plaintiff's First Set of Discovery Demands, Interrogatory 14 and Document Request 24). LVNV argued that the requests were unduly burdensome [DE 41].

At a hearing on April 3, 2020, the Court found that the pattern and practice discovery requests were relevant and directed LVNV to produce an affidavit showing the burden of responding. *See* **Exhibit A**, Trans. 42:18-23. On June 4, 2020, LVNV produced an evasive witness that inadequately detailed burden and only addressed LVNV's CounselLink software, where lawsuit instances are stored. *See* **Exhibit B (Aff. of Anne Herthneck)**. The affidavit left out entirely LVNV's systems for tracking non-lawsuit instances. *Id.* Because LVNV's affidavit was non-responsive, Plaintiff filed a renewed motion to compel on July 1, 2020 [DE 50]. LVNV again opposed the motion, arguing that the requests were not

proportional to the needs of the case, both because they are unduly burdensome and because the amount in controversy is limited by G.B.L. § 349's supposed $1,000 cap on punitive damages [DE 52].

At a second hearing on July 22, 2020, the Court reiterated that the pattern and practice requests are relevant and gave LVNV until August 5, 2020, to produce an affidavit detailing the burden of searching "The Bridge" portal for complaints alleging attempts to collect on non-existent judgments (a subset of the non-lawsuit instances that Plaintiff seeks, designed to reduce burden) and to amend its affidavit addressing lawsuit instances (**Exhibit B**) if it wished. The Court also requested briefing from both parties on whether G.B.L. § 349 caps punitive damages at $1,000.

Both parties briefed the punitive damages issue (*See* Plaintiff's Brief [DE 62]; LVNV's Brief [DE 60]). While LVNV asks the Court to decide this dispositive question of law on a discovery motion, Plaintiff argued that it would be premature and inappropriate to do so. *See Pasternak v. Dow Kim,* 275 F.R.D. 461, 463 (S.D.N.Y. 2011); *Saldana-Sanchez v. Lopez-Gerena*, 256 F.3d 1, 11-12 (1st Cir. 2001) [DE 62]. Further, despite a split in authority, persuasive caselaw from both the Eastern District of New York and New York State's Appellate Division, Second Department holds that punitive damages are not capped under G.B.L. § 349(h) [DE 62]. The amount in controversy in this case is therefore substantial [DE 62]. LVNV took the opposite view, arguing for a dispositive ruling that there is a $1,000 cap on punitive damages and a limited amount in controversy [DE 60].

On August 13, 2020, LVNV produced and filed an affidavit concerning The Bridge platform. *See* **Exhibit C (Aff. of Karen Freeman)** [DE 58]. The affiant stated that The Bridge is not a source of complaint or dispute data and cited other systems of record or file types without explaining what they were or how complaints can be searched and produced. *Id.* On August 14, 2020, Ms. Fritz' attorneys emailed a letter to counsel for LVNV detailing the deficiencies with the affidavit and requesting that it be amended by August 18, 2020. *See* **Exhibit D**. LVNV did not amend its affidavit. Accordingly, Plaintiff filed a reply letter outlining the deficiencies in the affidavit [DE 61].

On October 16, 2020, the Court held a telephonic status conference concerning the outstanding discovery disputes. Your Honor stated more than once, over LVNV's objections, that the Court would not and did not need to "definitively" rule on the punitive damages question to resolve the discovery motion. *See* **Exhibit E**, Trans. 03:04 – 04:11; 10:04 – 10:23; 12:13 – 13:21. It was sufficient that the caselaw was "unsettled" as to punitive damages to allow discovery to proceed. Id., Trans. 03:16 – 04:05. The Court made clear that it would be "moving forward with the approach that GBL 349 does not limit the punitive damages to $1,000." *Id.*, Trans. 12:21 - 23

Your Honor further found that LVNV's affidavits did not adequately demonstrate the burden of responding to Plaintiff's discovery demands to permit a proportionality review, and stressed that it is LVNV's burden to demonstrate undue burden. *See id.*, Trans. 20:06 – 22:14; 25:13 – 25:23 ("if you can't show the burden, then I will just order that you produce all of this . . . ."). The Court directed the parties to conduct an informal meet and confer, noting that it would be most productive to involve a witness with knowledge of LVNV's systems, and instructed the parties to file a joint status report with a discovery plan no later than December 4, 2020. *See id.*, Trans. 25:05 – 25:12; 27:02 – 27:22; 30:14 – 30:17. Your Honor also stated that the Court may hold an evidentiary hearing if, after the parties met and conferred, it still did not have enough information to assess burden. *See id.*, Trans. 26:13 – 27:22.

In spite of these instructions, LVNV refuses to discuss a production plan or produce a witness with knowledge of its systems. After a number of emails on the subject, counsel for Ms. Fritz and LVNV conducted a lengthy meet and confer call on November 19, 2020, to discuss setting an informal meeting with a witness familiar with LVNV's internal processes to devise a discovery plan. LVNV stated that it would not produce a witness and that the parties are at an impasse. LVNV instead maintains it position,

which the Court has already rejected, that the Court must decide, definitively, the question of punitive damages to conduct the proportionality review.

Ms. Fritz has attempted in good faith to resolve this discovery dispute so that she can access the pattern and practice discovery needed to establish her entitlement to punitive damages while limiting burden on LVNV. To reduce burden, Ms. Fritz has suggested permitting LVNV to produce the Complaints in all lawsuits filed against it for plaintiff's electronic review (*see* "Letter renewing motion to compel pattern and practice discovery from LVNV Defendants, and to enforce," at 1-2 [DE 50]), and permitting LVNV to search only for consumer complaints regarding collection attempts on non-existent judgments that did not result in lawsuits, rather than searching for and producing every instance of the conduct (*see id*, at 2-3 [DE 50]). Ms. Fritz is still willing to hold an informal meet and confer with a witness with personal knowledge of LVNV's systems. In an October 23, 2020 email, counsel for Ms. Fritz offered LVNV the alternative of amending their affidavits to show burden if it refused to produce a witness, but LVNV did not amend its affidavits.

There have now been two motions to compel before the Court concerning LVNV's refusal to produce pattern and practice discovery. At three hearings, Your Honor directed LVNV to produce detailed affidavits or live witnesses to show burden. To date, LVNV has not only failed to meet its burden; it outright refuses to engage. Accordingly, we ask that the Court find that LVNV failed to meet its burden of showing that Plaintiff's discovery demands are not proportional to the needs of the case, and order LVNV to respond in full to Plaintiff's pattern and practice related requests.

Respectfully,

_____/s/_____
Marisa-Lyn Menna, Esq.
CAMBA Legal Services, Inc.
20 Snyder Avenue
Brooklyn, NY 11226
Office: (718) 940-6311 x 79222
Cell: (347) 525-5072
Email: marisam@camba.org

cc: All attorneys of record via ECF